PER CURIAM.
 

 This court consolidated two appeals, including a cross-appeal from two final judgments entered in a real estate contract dispute. David Freudenberg entered into a contract to purchase Frank Ordziejeski’s property. Believing that the contract had been fraudulently induced, Ordziejeski refused to proceed with the closing. Freudenberg filed a complaint for specific performance and breach of contract. Ordziejeski answered raising fraudulent inducement and unclean hands as affirmative defenses. Ordziejeski also filed a third-party complaint against his realtors for common law indemnity, breach of fiduciary obligation, and fraud.
 

 Freudenberg moved for partial summary judgment on the breach of contract claim and the trial court granted the motion. Based upon that order, the third-party defendants moved for summary judgment, which the trial court also granted. Ordziejeski appeals the summary judgment entered in favor of the third-party defendants in case number 4D07-4972.
 

 
 *1191
 
 The contract case went to trial and the issues raised by the affirmative defenses were submitted to the jury. The jury found in favor of Ordziejeski, and the trial court entered a final judgment in his favor. Freudenberg appeals the final judgment in favor of Ordziejeski in case number 4D07-4978.
 

 We affirm the final judgment in favor of Ordziejeski on Freudenberg’s claims. Although the trial court entered a partial summary judgment on the breach of contract claim, it is apparent that the court did not consider that the partial summary judgment disposed of the affirmative defenses as the court submitted them to the jury, and the jury found in favor of Ord-ziejeski. No reversible error has occurred.
 

 However, we also note that the entry of the partial summary judgment on breach of contract liability would have been error if it had included a rejection of the affirmative defenses because material issues of fact abounded. The trial court erred in entering the partial summary judgment.
 

 Normally, we may not have commented on the error in entering partial summary judgment where we are affirming the ultimate final judgment. However, the partial summary judgment also prompted the trial court to enter a judgment in favor of the third-party defendants. That too was error, as material issues of fact were present. We reverse the judgment in case number 4D07-4972. Although the final judgment in favor of Ordziejeski may mean that the third-party claims will not go forward on remand, our resolution of this issue will impact any future awards of attorney’s fees.
 

 Affirmed in part; reversed in part, and remanded for further proceedings.
 

 WARNER, HAZOURI, JJ., and SHAHOOD, GEORGE A., Senior Judge, concur.